(26)

**THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION**

LISA TEAL,

Plaintiff,

v.

Civil Action No. 1:25-cv-02257- RDA-WEF

TMI HOLDING COMPANY STORE,

Defendant,

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BREIF

## I. INTRODUCTION

In Defendant's recent reply he asserts that in Singletary v. Sunbit Now, LLC the court denied a Plaintiff's motion for leave to file a supplemental brief in response to Defendant's Motion to Dismiss because it rehashed what was already properly vetted. Here, Plaintiff's respectfully submits this Reply to show that her proposed Supplemental Brief, updated Chart and Table are procedurally authorized, directly responsive to newly asserted legal theories to which plaintiff would not be able to reply, and strictly necessary to preserve the integrity of the record when Courts can not rely on distorted versions.

Under established Fourth Circuit precedent, a surreply must be permitted when a party is "unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Courts across all circuits agree that a party cannot use a reply brief to completely reshape the litigation or "sandbag" the opponent with misleading claims, when doing so deprives the other side of due process. (*Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). Similarly, Defendant cannot create and introduce its own factual defenses or alternative versions in order to unfairly force through a dismissal.

## II. ARGUMENT

### A. Defendant's asserts new argument - "No Factual Support " for Continuing Violation to link Hostile Work Environment to timely act is Improper

#### i Hostile Work Environment Based on Race and National Origin

The defendant for the first time in its April 13 reply asserts that there was no factual support regarding the Continuing Violation Doctrine to link the Hostile Work Environment to the timely Jan 26, 2024 discriminatory act. The contention that there was no factual support is misleading. Although the SAC was full of discriminatory examples of "daily" acts, the plaintiff's opposition on page 5 line 1 included factual support when plaintiff indicated that there was "daily" mocking. Referring to sufficient support for a continuing violation to link the HWE, but There were also racial slurs that proliferated and spread along with physical violence mentioned.

The newly updated chart supports a seamless thread with a view of the pervasive totality carried out by the same actors, under the same daily work conditions, reporting to the same supervisors with similarly situated comparators rooted in race and national origin. This pervasive continuous pattern, links the hostile work environment to the January 6th 2024 anchor day bringing in all the conduct ( No Time Bar) from June 2023 until January 2024 as one unlawful act. The Supplemental Brief along with the updated chart show this and should be permitted.

### B. The Defendant Asserts New Material Mischaracterizations – Remote Race Misapplication of the Intersectional Pleading Doctrine For Title VII and §1981 -

#### i. Race Remarks- Too Remote

Contrary to the defendant's brand new contention that there was only a single, remote race-related remark in August 2023, the "updated" chart and supplemental brief directly refutes this assertion. The SAC identifies two separate race-based incidents occurring at two different points in August 2023 (SAC at 4). These remarks triggered additional mimicking

mocking , and similar race-based conduct by coworkers, all stemming from the original race-based comments and slurs initiated in August SAC at 4

Because the defendant now introduces a false narrative of "only one remark" , the updated chart is necessary to preserve an accurate record upon which the court can rely. The supplemental brief and chart must be considered to prevent the defendant from sandbagging the plaintiff with newly created inaccurate assertions to which the plaintiff can not respond.

**ii. Race and National Origin Discrimination- Misapplication of legal theories**

The defendant further contends that plaintiff's allegations under Title VII and §1981 relate only to "language" rather than race or national origin. This is incorrect. Plaintiff's Title VII claim is a clear 5 count claim to include Race and National Origin. Language- based slurs fall within the scope of national origin discrimination and language is not a separate claim.

Because the defendant attempts to reframe the allegations as "only language," the supplement brief is necessary to clarify the record, ensure due process and prevent misuse of terms to achieve an improper result where the plaintiff would not otherwise be able to respond.

**C. Defendant alleges New Argument -"No continuity" to produce a thread**

The defendant puts forth a new argument stating that there is no continuity for there to produce a thread. The Supplemental brief and updated chart provided by plaintiff shows the constant and unrelenting mockery and language slurs coupled in a Hostile work Environment illustrate the national origin thread as part of a single unit. The Supplemental Breif along with the updated chart show continuity and should be submitted to counter defendants claim to which plaintiff would not be able to reply and for which the court would improperly rely.

## D. Retaliation

### i. Defendant states that plaintiff is using the "granule incident" in an attempt to just "hang on" to a Retaliation Claim

Both of the formal discrimination complaints on Dec 8 and Jan 26th created several pages of retaliatory conduct that occurred immediately after each complaint. SAC at 17-20 and SAC at 21-22. The SAC also showed that there was pretextual commentary from the same team lead regarding if the plaintiff had any job prospects or was at least looking for other work stated after "each" discrimination complaint. Literally this revealed a patterned equation that reporting discrimination = firing. This was reinforced by close temporal proximity. The fact that two coworkers indicated it would occur shows a 3 fold causal connection contrary to the defendant's new contention of just " hanging on". The Supplemental brief and updated chart should be included to show the new assertions and corroboration with the SAC.

## E. - Defendant's New "Isolated Acts", Different Actors, and Different situations is a Sweeping Unsupported Assertion that must be ignored

For the first time in its reply, Defendant asserts that the allegations in the SAC are "isolated," involve "different actors," workplace factors, "different situations," and under a litany of different work place factors and therefore cannot constitute a continuing violation under Title VII. This is a sweeping, conclusory assertion made without even a single citation on a critical point. There is not a single , example or a reference at all. SAC does not allege isolated, unrelated events. It alleges a continuous, unbroken pattern of discriminatory conduct involving the same actors, the same job duties, the same supervisors, the same working conditions, and the same daily routines. Plaintiff has not merely asserted a "thread"—Plaintiff has particularized it, in the SAC as a day by day occurrence. – A repetitive cycle. These are not different

situations—they are the same situation repeated continuously and defendant has not alleged a single example deviating from this position. Alternately, there was even one worker who acted as a sole consistent actor, using the same language slur almost daily, that with no change in actor, no change in circumstance, no change in context and particularized by name creates a non-breakable continuous thread all by itself. The chart also shows other discriminatory acts beneficial to the unprotected class such as the thread to include **1).** providing time efficiency documents to the Hispanic workers while denying plaintiff the same documents against similarly situated comparators under identical conditions rooted in race and national origin (6 times per day for each house); **2).** Providing verbal time efficiency and work management tools to Hispanic workers while denying plaintiff the same tools against similarly situated comparators under identical conditions rooted in race and national origin ( 6 times per house); **3).** Providing full quality training modules and techniques to Hispanic workers while denying plaintiff the same exact quality training modules and techniques against similarly situated comparators under identical conditions rooted in race and national origin as a continuum and **4).** Providing work efficiency tools to the Hispanic worker to quickly and efficiently service while denying same efficiency tools to the plaintiff ( 2 rag method) among others. **4).** Providing work efficiency tools to the Hispanic worker to quickly and efficiently service while denying same efficiency tools to the plaintiff ( 2 rag method) among others.

Here, the original" chart 's purpose was only to show how a continuous thread looks, such as a strong sequence of squares , or a string of circles. However the " updated " chart showed a more accurate portrayal as is stated would occur on the original chart once it became available. It shows for example when the race comments started and the pervasiveness of the

activities as closely as possible based on some new information. The viewer can even cut off the purported final day of this thread vertically from north to south ( Jan 26,2024) and see visually that if placed against the thread during any work time period it fits seamlessly against the thread no matter where you place it. The Supplemental brief, update chart and table are critical to respond to the above brand new assertions that could not have been responded to prior to the April 13th reply and should be permissible.

### F. The Defendant claims for the first time that Table of Mischaracterizations clarifications are in compliance with Fed R. Civ P 12(b)(6).

Defendant's contends that the mischaracterizations table is in compliance with 12(b)(6).

Some plaintiffs act aggressively to insure that the victim is not bullied, teased, mocked, or harassed by investigating every single report, punishing offenders, and even providing an escort to ensure compliance. S.B. v. Board of Education of Harford County, 819 F.3d 69 (4th Cir. 2016). Conversely, some like the defendant skirt the duty to investigate, or provide remedial action required for all Title VII claims. With no action taken what so ever. The employer is at a deficit. Here the tables show that Defendant now fabricated that an investigation took place which fills this deficiency. Defendant is not permitted to create false information when the employer falls short in order to push through the dismissal.

Likewise, when the employee's complaint to the employer must contain enough information to show that the mistreatment is motivated by a protected characteristic (like Race or National Origin), the record shows that plaintiff complied by particularizing race SAC at 18, line 11 and National origin (language slurs & mockery) SAC at 11, bullet 3. It does not give the employer an escape. Here, the tables show that the employer is now at a deficit again. Once more, the defendant fabricates an escape for them by claiming that the plaintiff provided only "unspecified" discrimination not fulfilling

the requirement to apprise the employer sufficiently to understand that the activity is unlawful (such as race, sex national origin etc...). The defendant cures this by essentially re-writing the complaint to fulfil deficits not filled by the employer.

Similarly for IIED the defendant argues that the plaintiff alleges "only "emotional tatter" throughout the entire SAC bypassing over 20 different states mentioned over the breadth of the complaint such as on the verge of combustion SAC at 4, mental anguish SAC at 6, Yelling at the top of her lungs with explicatives to be left alone SAC at 4, past the threshold SAC at 6, bashed SAC at 8 , debilitated mentally SAC at 8, plus, physically sick and depressed Sac at 20 etc, bypassing a staggering 95% of the IIED claim. Where the bar for IIED is high, removing nearly the entire bulk of the claim is fatal and can not be relied upon.

Based on the above where the newly created false information is needed and impactful the dismissal can not be granted. The defendant is providing false information on "material facts" which if not provided cause the claim to fail. An Investigation and remedial action is needed for a Hostile Work Environment, Race discrimination, and National Origin discrimination. The remaining claims are severely distorted, mischaracterized, and bring information outside of the corners . This is not permissible to push or force the dismissal. The Supplemental brief, the updated chart, and Tables of Mischaracterizations must be submitted to illustrate the above improper conduct to which the plaintiff would not be able to respond and to which the court can not rely upon legally.

## G. Defendant Newly Alleges plaintiff "effectively concedes" Rule 8, and 10

### i. Rule 8

It is the burden of the defendant to prove that the plaintiff fails to meet the Fed. R. Civ P. 8. Here the defendant states in his reply that the plaintiff fails because she did not provide a

short, plain, concise statement. Defendant did not provide any reference to the SAC illustrating this . It was therefore received as a mere personal opinion deplete of legal significance to which the court generally ignores. The defendant failed to meet its burden. The dismissal can not be upheld.

**ii Rule 10**

Defendant claims the SAC is "confusing" because it lacks numbered paragraphs. However, the SAC contains a clear background section, chronological facts, and separated paragraphs identifying specific names, dates, and actors. Defendant never filed a Rule 12(e) motion for a more definite statement, the proper mechanism if a pleading is truly unintelligible. Its failure to do so—while simultaneously managing to extract pages of facts, restate them in order, and analyze the issues—proves the SAC is sufficiently clear and Defendant's argument fails.

**H. Predjuice-**

**Defendant indicates that keeping the supplemental brief will prejudice them and the plaintiff could be trying to amend her SAC**

The defendant contends that a decision to maintain the Supplemental brief and chart would prejudice the defendant . A supplemental brief is necessary to ensure that the court decides the case on true facts not the defendant's distorted narrative. The defendant can not claim "unfair prejudice" when the supplemental brief merely corrects the factual record.

The defendant is not entitled to a last word built on distortions, mischaracterization, and falsehoods to sandbag the plaintiff , mislead and abuse the court.

Additionally, it is defendant's contention that the plaintiff may use the Supplemental brief to amend her SAC. This is without merit as it is the plaintiff's sole purpose to pursue what is described above. Additionally, when public policy and legal tradition dictate a strong judicial preference for deciding matters on their true merits, which requires an accurate record.

## I. Liberally Construal

The Supreme Court explicitly reminded courts that Twombly did not erase the rule that a pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus (2007) The Court has consistently prioritized the core substance of pro se grievances over technicalities of form, dictating that a non-lawyer's claims "should not be scrutinized with such technical nicety that a meritorious claim should be defeated," Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## III. CONCLUSION

In light of the above, the plaintiff respectfully requests the court to preserve the Supplemental Brief, Updated Chart and Tables of Mischaracterizations where the plaintiff would not have the chance to counter new alleged theories , allegations and information for the first time. The Supplemental Brief, Chart and the Tables are critical to revealing the mischaracterizations and false information upon which the defendant uses in an effort to push through the dismissal . The Plaintiff requests the dismissal be **DENIED** and the contents be liberally construed in light most favorable to the plaintiff.

6-8-26.

(JB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

2025 ... -0 A 10: 31

Lisa Veal
Plaintiff(s),

v.

Civil Action Number: 1:25 cv 02257

TMT Holding Co. Store
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of Reply in Support.
(Title of Document)

Lisa Veal
Name of ~~Pro Se~~ Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: ____________________(Date)

OR

The following attorney(s) prepared or assisted me in preparation of ____________________.
(Title of Document)

____________________
(Name of Attorney)

____________________
(Address of Attorney)

____________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

____________________
(Name of *Pro Se* Party (Print or Type)

____________________
Signature of *Pro Se* Party

Executed on ____________________ (Date)